UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
EVGENIY DOLZHENKOV,             )
                                )
        Petitioner,             )
                                )       Civil Action No.
        v.                      )       20-10208-FDS
                                )
THOMAS HODGSON, Sheriff,        )
                                )
        Respondent.             )
_____ )

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

This is a petition for writ of habeas corpus filed by Evgeniy Dolzhenkov, an immigration detainee. For the reasons set forth below, the petition will be dismissed without prejudice.

### I.     Background

On February 3, 2020, Evgeniy Dolzhenkov, an immigration detainee in custody at the Bristol County House of Correction and Jail, filed a *pro se* petition for writ of habeas corpus accompanied by a request for custody hearing. He did not pay the $5.00 filing fee or file an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a) ($350.00 filing fee for civil actions); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).

The one-page petition does not specify a particular section of the habeas statute.[1] The hearing request accompanying the petition states that Dolzhenkov is "now eligible for a bond hearing pursuant to [*Brito v. Barr*, No. 19-11314-PBS, 2019 WL 6333093 (D. Mass. Nov. 27,

---

[1] The Court will treat the petition as having been filed pursuant to 28 U.S.C. § 2241.

2019)]. *See* Docket No. 1, p. 3. Dolzhenkov alleges that he is a citizen of Russia and that he has been in immigration custody since March 10, 2019. *Id.* at p. 2. He alleges that on July 19, 2019, his request for cancellation of removal was denied by Boston Immigration Judge Todd Masters and an order of removal entered at that time. *Id.* He alleges that he has "fully [cooperated] with the [Department of Homeland Security and has] signe[d] all the papers [requested for the purpose of returning Dolzhenkov to Russia]. *Id.*

Dolzhenkov seeks to have this court "grant conditional parole or set a [reasonable] bond amount." *Id.* at p. 3.

## II. **Preliminary Screening**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary

dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011), citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return).

In a case where the litigant is proceeding *pro se*, the pleadings are held at "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005).

### III. Discussion

The court's records indicate that Dolzhenkov is not a *Brito* class member. *See Brito*, No. 19-11314-PBS (ECF No. 100) (list of *Brito* class members). Accordingly, he is not entitled to relief pursuant to the declaratory judgment issued in *Brito v. Barr*, No. 19-11314-PBS, 2019 WL 6333093 (D. Mass. Nov. 27, 2019).

It appears that the petition may seek to assert a constitutional challenge to Dolzhenkov's continued detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases). In *Zadvydas*, the Supreme Court held that "an alien's post-removal-period detention" may not exceed "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court recognized six months as a presumptively reasonable period. *Id* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

sufficient to rebut that showing." *Id.*

Here, the petition appears to allege that Dolzhenkov has been in custody beyond the presumptively reasonable six-month period of detention. However, it does not allege that his removal is not reasonably foreseeable. Because the petition fails to show that he is entitled to relief under *Zadvydas* or any other federal law, the petition will be dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: February 6, 2020